# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESPERANZA APRIL HERNANDEZ<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-CV-219-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On January 25, 2021, Esperanza April Hernandez pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. *See* Case. No. 2:20-cr-197, Dkt. No. 349. She entered this plea pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(c), as part of which Ms. Hernandez and the Government stipulated to a sentence of 192 months' incarceration (16 years). *See* Dkt. No. 350 at 4. The Government also agreed not to seek a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851. *See id.* at 5. On April 13, 2021, after careful consideration of the parties' submissions and arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court found "that the proposed sentence is reasonable and appropriate and accept[ed] the proposed plea agreement." Dkt. No. 448. Ms. Hernandez now seeks a sentence reduction under 28 U.S.C. § 2255. *See* Case No. 2:22-cv-219, Dkt. No. 1 at 12.

Ms. Hernandez contends that the court should reconsider her sentence because she received ineffective assistance of counsel. She argues that her counsel was ineffective in three respects. Specifically she argues that he (1) failed to conduct an adequate investigation and

reviewed only a small portion of her discovery file before advising her to accept the Government's plea offer, (2) did not object to the proposed sentence or argue for a downward variance, and (3) pressured her into accepting the plea agreement by incorrectly advising that she was "looking at 30–life" if she did not "take a plea deal fast." *Id.* at 4–6. In effect, Ms. Hernandez's arguments amount to three distinct claims of ineffective assistance of counsel.

To prevail on such a claim, a party generally "must prove both that: (1) his attorney's 'representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Maley*, 1 F.4th 816, 820 (10th Cir. 2021) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). The court will address each of Ms. Hernandez's claims of ineffective assistance of counsel, starting with her second and third claims.

The court rejects Ms. Hernandez's second claim—that her counsel failed to object to the proposed sentence or argue for a downward variance. Ms. Hernandez received the "specific sentence" jointly recommended by the Government and the defense pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). "[S]uch a recommendation . . . binds the court once the court accepts the plea agreement." *Id*. Given the nature of the plea agreement, there was no basis for Ms. Hernandez's counsel to object to the agreed-upon sentence. In addition, the agreed-upon sentence of 192 months' incarceration *itself* reflected a significant downward variance from the guidelines range of 235–293 months' imprisonment reflected in the Pre-Sentence Report and accepted by the court—although as discussed below, the Report may well have improperly omitted considerations from the offense-level calculation that would have resulted in a *higher* guidelines range.

In support of the significant downward variance reflected in the jointly recommended sentence, the Government argued that "Ms. Hernandez ha[d] entered a guilty plea and accepted responsibility for her actions," that her criminal record had been "fueled by difficult formative years and years of substance abuse," and that "her difficult personal history, her health challenges, and her drug addiction" warranted a sentence well below the guidelines range. Dkt. No. 443 at 4–5. Defense counsel made similar arguments at the sentencing hearing,[1] and the court accepted the proposed plea agreement based on these arguments. Indeed, based on the facts and circumstances of the offense of conviction set forth in the Pre-Sentence Report—including the serious nature of the offense and Ms. Hernandez's leadership role—the court almost certainly would have imposed a higher sentence but for the Rule 11(c)(1)(C) agreement and counsel's arguments. Under these circumstances, the court cannot say that Ms. Hernandez's representation was objectively unreasonable or that she suffered any prejudice from the shortcomings she alleges. The court thus rejects this claim.

The court likewise rejects Ms. Hernandez's third claim—that counsel provided ineffective assistance by urging her to accept the plea agreement because she would face a potential sentence of thirty years to life imprisonment if she did not. According to the Pre-Sentence Report, which the court adopted without objections, *see* Dkt. No. 448, Ms. Hernandez had a base offense level of 36 and a criminal history category of VI. *See* Dkt. No. 450 at 17, 30. Absent an adjustment for acceptance of responsibility, these numbers would have resulted in a guideline range of 324 to 405 months' imprisonment. *See* U.S. Sentencing Guidelines Manual,

---

[1] Although the parties have not requested a transcript of the sentencing hearing, the court has reviewed the recording of the hearing to confirm that Defense counsel made such arguments.

ch. 5, pt. A (sentencing table). Given Ms. Hernandez's criminal history category, a mere one-level increase in her offense level would have sufficed to generate a guidelines range of 360 months to life. *See id*.

To be sure, Ms. Hernandez's counsel's calculation of the potentially applicable guidelines range differed slightly from that later reached by the Probation Office and accepted by the court. But even if the latter calculation was correct and counsel's calculation was incorrect, given how close the base offense level and Ms. Hernandez's criminal history brought her to the guidelines range predicted by counsel, the court cannot say that counsel's calculation, made more than two months before the Pre-Sentence Report was created, fell below the level of objectively reasonable representation.

In all events, based on further review, the court is not convinced that counsel's calculation was incorrect. Although the Pre-Sentence Report calculated Ms. Hernandez's guidelines range using a base offense level of 36 reduced by three levels for acceptance of responsibility, the Report also indicates that Ms. Hernandez issued directions to at least three of her co-defendants. *See* Dkt. No. 450 at 5–6, 7–8, 14. And the Sentencing Guidelines instruct that

> Based on the defendant's role in the offense, increase the offense level as follows:
>
> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
>
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
>
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

USSG § 3B1.1. Had this provision been brought to the court's attention at sentencing, the court would have concluded that it applied and that Ms. Hernandez's offense level should have been increased by at least two levels. Ms. Hernandez's counsel's advice that, absent a plea agreement, Ms. Hernandez would face a potential sentence of 30 years to life imprisonment under the Sentencing Guidelines thus appears to have been objectively correct. Certainly it did not constitute ineffective assistance of counsel.

Finally, the court addresses Ms. Hernandez's first claim—that counsel "failed to conduct a reasonably adequate investigation and relied on only a small fraction of the Government's Discovery," and as a result he had negotiated "the plea unknowingly of what evidence was lodged." *Id.* at 4. The court does not believe that this argument, even if well taken, would justify the relief Ms. Hernandez now seeks—a lower sentence.

Absent the plea agreement, Ms. Hernandez would have faced a fifteen-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) based on her previous conviction for a serious drug felony. And, as explained, the recommended range of imprisonment under the Sentencing Guidelines would have been 30 years to life. By contrast, the sentence she received as a result of the plea agreement is little more than half of the low end of the Guidelines range— and only one year more than the mandatory minimum—that would have applied absent the plea agreement.

Given all of this, as well as the Pre-Sentence Report's careful documentation of Ms. Hernandez's leadership role in a serious drug conspiracy and Ms. Hernandez's factual admissions in her statement in advance of plea, the court cannot see how a lower sentence could

5

be justified. Indeed, the court almost certainly would have imposed a higher sentence but for the Rule 11(c)(1)(C) plea agreement. It follows that even assuming, for the sake of argument, that Ms. Hernandez did not receive objectively reasonable representation *with respect to her decision to plead guilty*, she did not suffer any prejudice *with respect to the sentence she received after she entered that plea*.

Even though Ms. Hernandez's third claim does not support her request for a lower sentence, it is possible that if she can prove that her counsel's investigation was indeed constitutionally inadequate, she might be entitled to an order vacating her plea of guilty and her resulting conviction. For perhaps a more thorough investigation might have led counsel to recommend that Ms. Hernandez reject the proposed plea agreement and instead hold out for a better deal or put the Government to its proof at trial. And perhaps Ms. Hernandez would have followed such advice. The Supreme Court has made clear that when "a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citation omitted).

The court does not believe that Ms. Hernandez's current motion can be reasonably construed to seek such relief. But If Ms. Hernandez wishes to attempt to show that her counsel's performance was so deficient that her guilty plea and conviction should be vacated, the court will allow her to amend her motion to request such relief.

The court expresses no opinion regarding the likelihood that Ms. Hernandez can establish that such relief is warranted. And of course vacating the plea and resulting conviction would not

6

without more terminate the criminal case against Ms. Hernandez. Rather, unless the Government seeks—and the court grants—leave to dismiss the charges against Ms. Hernandez, this case would still need to be resolved by trial or by a subsequent plea.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Ms. Hernandez's second and third claims for relief are dismissed.
2. To the extent Ms. Hernandez offers her first claim for relief in support of her request for a sentence reduction, that claim is dismissed.
3. If she wishes to do so, Ms. Hernandez may file an amended motion within 30 days seeking to have her guilty plea and resulting conviction vacated based on her first claim for relief. If she fails to do so, the court may dismiss this action.

DATED this 15th day of June, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge